E-FILED
Tuesday, 30 July, 2019  02:00:50 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| **HENRY WALKER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-01086-CSB** |
| | ) | |
| **JOSHUA P. DAVIS,** *et al.*, | ) | |
| **Defendants.** | ) | |

<u>**MERIT REVIEW ORDER**</u>

**COLIN STIRLING BRUCE, United States District Judge:**

Plaintiff *pro se*, Henry Walker, who is currently incarcerated at Pontiac Correctional Center, filed suit under 42 U.S.C. § 1983. Plaintiff's complaint [1] is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual

1

allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges, in pertinent part, that on June 11, 2018, Defendant correctional officers Bryan, Joshua P. Davis, and Jordan Pratt were escorting Plaintiff, who was handcuffed and shackled, from the west to the north cell house, where Plaintiff's cell was located. During that time, Davis indicated that he was upset because Plaintiff had recently filed a grievance against him. After Plaintiff reached his cell, he knelt as instructed, and Davis removed the shackles. Plaintiff, still handcuffed, started to get up, but Davis kicked him in his back, which caused Plaintiff's chin to hit the concrete floor. When Plaintiff rolled over onto his back, he saw Davis and Byran kicking him and Pratt standing off to the side, pointing a can of mace at Plaintiff. Davis eventually lifted Plaintiff to his feet and removed the handcuffs. Davis, Byran, and Pratt then left. Plaintiff immediately

demanded medical care for the cut to his chin. Moments later, Defendant
Susan Prentice, a correctional major, arrived at Plaintiff's cell, asked to see
his face, and left. A few minutes later, Plaintiff was taken to the health care
unit, where he received five stitches to close the cut to his chin.

Under the Eighth Amendment, prison officials may not use excessive
physical force against prisoners. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).
The use of force qualifies as excessive under the Eighth Amendment "when
it entails the 'unnecessary and wanton infliction of pain.'" *Rice ex rel. Rice v.
Corr. Med. Servs.*, 675 F.3d 650, 667 (7th Cir. 2012) (quoting *Whitley v. Albers*,
475 U.S. 312, 319 (1986)). In an excessive force claim, "the core judicial
inquiry is . . . whether force was applied in a good-faith effort to maintain
or restore discipline, or maliciously and sadistically to cause harm."
*Hudson*, 503 U.S. at 7. "Several factors are relevant in determining whether
a defendant applied force in good faith or for purposes of causing harm,
including the need for force, the amount of force used, the threat
reasonably perceived by the officer, efforts made to temper the severity of

the force, and the extent of the injury caused by the force." *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009).

The Court concludes that Plaintiff has alleged enough facts to state an excessive force claim against Defendants Davis and Byran. Plaintiff also states a failure to intervene claim against Defendant Pratt for not preventing the allegedly unconstitutional conduct. *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (holding that a failure to intervene claim succeeds when a plaintiff demonstrates that the defendant "knew that a constitutional violation was committed" and "had a realistic opportunity to prevent it").

The Court also concludes that Plaintiff has alleged enough facts to state a retaliation claim against Defendant Davis. To prevail on a First Amendment retaliation claim, a plaintiff must establish that (1) he "engaged in activity protected by the First Amendment," (2) he "suffered a deprivation that would likely deter First Amendment activity in the future," and (3) "the First Amendment activity was 'at least a motivating factor' in the [defendant's] decision to take the retaliatory action." *Woodruff*

4

*v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457

F.3d 711, 716 (7th Cir. 2006)). "An act taken in retaliation for the exercise of

a constitutionally protected right is actionable under § 1983 even if the act,

when taken for a different reason, would have been proper." *Reichle v.*

*Howards*, 566 U.S. 658, 666 (2012). Here, a factfinder could infer that Davis'

actions on July 11, 2018, was at least motivated by the grievance that

Plaintiff filed against him.

However, Plaintiff's claim against Defendant Prentice is based solely

on her position. Specifically, that Prentice is the "supervisory officer, and

she is the one who authorized [Defendants] to … take [Plaintiff] from west

housing to north housing…." (ECF 1: p. 18:69.) However, "[t]he doctrine of

respondeat superior cannot be used to impose § 1983 liability on a

supervisor for the conduct of a subordinate violating a plaintiff's

constitutional rights." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir.

1997). To establish supervisory liability under 42 U.S.C. § 1983, the

supervisor must be personally responsible as well. *Matthews v. City of East*

*St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). "To show personal involvement,

the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id*. (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to…§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's … actions, has violated the Constitution."). Accordingly, the Court concludes that Plaintiff does not state a constitutional claim against Prentice.

The Court notes that in his complaint, Plaintiff also alleges that on three consecutive days in May 2018, Defendant Prentice sexually harassed him. However, the Court concludes that this allegation belongs in a different lawsuit. Plaintiff's sexual harassment claim is unrelated to the claims he raises against Defendants Bryan, Davis, and Pratt. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that unrelated claims against different defendants belong in different suits, not only to prevent morass but also to ensure that prisoners pay the required filing fees). If Plaintiff intends to pursue his sexual harassment claim, he must file

separate lawsuits and pay the required filing fees.

**IT IS THEREFORE ORDERED:**

1) **Pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has alleged enough facts to proceed with his Eighth Amendment claim for (1) excessive force against Defendants Davis and Bryan; (2) failure to intervene against Defendant Pratt; and (3) a retaliation claim against Davis for the alleged events that occurred on June 11, 2018. Plaintiff's claims against Davis, Bryan, and Pratt are in their individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2) **The Court directs the Clerk of the Court ("Clerk") to terminate Defendant Prentice as a party in this case.**

3) **The Court DENIES as moot Plaintiff's motion for status [5].**

4) **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7

6) Concerning a Defendant who no longer works at the address Plaintiff had provided, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)  Defendants' counsel is granted leave to depose Plaintiff at his
    place of confinement. Defendants' counsel shall arrange the
    time for the deposition.

10)  Plaintiff shall immediately inform the Court, in writing, of any
     change in his mailing address and telephone number.
     Plaintiff's failure to notify the Court of a change in mailing
     address or phone number will result in dismissal of this
     lawsuit, with prejudice.

11)  If a Defendant fails to sign and return a waiver of service to the
     Clerk within thirty days after the waiver is sent, the Court will
     take appropriate steps to effect formal service through the U.S.
     Marshals service on that Defendant and will require that
     Defendant to pay the full costs of formal service pursuant to
     Federal Rule of Civil Procedure 4(d)(2).

12)  The Clerk is directed to enter the standard qualified protective
     order under the Health Insurance Portability and
     Accountability Act.

13)  The Clerk is directed to attempt service on Defendants under
     the standard procedures.

ENTERED July 30, 2019.


s/ Colin Stirling Bruce
_____
COLIN STIRLING BRUCE
UNITED STATES DISTRICT JUDGE

9